IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ronald C. Albright, | ) | Case No. 4:25-cv-01966-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Alan Wilson, Chadwick Gambrell, | ) | |
| Tawanna Davis, Victoria Jake, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 10.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

On March 31, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed without prejudice because they are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] [Doc. 10.] The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 6.] On April 9, 2025, Plaintiff filed a response to the Report stating that he agrees with the Magistrate Judge's recommendations.[2] [Doc. 12.]

---

[1] In light of this conclusion, the Magistrate Judge further recommended that Plaintiff's pending motion for temporary relief order [Doc. 3] be found as moot. [Doc. 10 at 5.]

[2] In this response, Plaintiff also asks the Court to "transfer the filing fee in this case" to his recently filed § 2254 habeas petition, and thus the Clerk also docketed the response separately as a "motion to transfer filing fee." [Docs. 12; 13.] There is no record that

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this is action is summarily DISMISSED without prejudice and without issuance and service of process, Plaintiff's motion for temporary relief order [Doc. 3] is FOUND AS MOOT, and Plaintiff's motion to transfer filing fee [Doc. 13] is DENIED.

---

Plaintiff paid a filing fee in this case, as he was granted leave to proceed in forma pauperis [*see* Doc. 9], and, regardless, the Court is without authority to transfer a filing fee from one case to another. Therefore, to the extent Plaintiff moves the Court to transfer a filing fee, such motion is denied.

IT IS SO ORDERED.

                                                <u>s/ Jacquelyn D. Austin</u>
                                                United States District Judge

April 16, 2025
Florence, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.